UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL MANSON,

          Plaintiff,

   v.

THE LOW INCOME HOUSING INSTITUTE,

          Defendant.

CASE NO. C07-977JLR

ORDER GRANTING MOTION TO DISMISS

Pending before the court are three motions: Defendant's motion to dismiss Plaintiff's complaint (Dkt. # 7); Plaintiff's motion for Rule 45(b) subpoena (Dkt. # 8); and Defendant's motion to amend the court's scheduling order (Dkt. # 22). For the reasons stated below the court GRANTS Defendant's motion to dismiss (Dkt. # 7) and STRIKES as moot the remaining motions (Dkt. ## 8, 22). The court dismisses Plaintiff's complaint without prejudice and with leave to amend consistent with this order.

## I. BACKGROUND

Pro se Plaintiff Daryl Manson filed this action against the Low Income Housing Institute ("LIHI") for violation of the Americans with Disabilities Act of 1990 ("ADA"). Compl. at 2. In or about June 2006, Mr. Manson was a tenant of one of LIHI's buildings,

ORDER GRANTING MOTION TO DISMISS – 1

The Glen Hotel. Tremper Decl. ¶¶ 3-4 (Dkt. # 14). It does not appear that Mr. Manson was employed by LIHI or The Glen Hotel. *Id.* The Glen Hotel and LIHI, however, operate as a "mutual housing" model which means that each tenant must participate in the management of the facility, serve on housing committees, and serve as "key holders." *Id.* A key holder is responsible for securing certain areas of a designated building. *Id.* According to documents attached to the complaint and Mr. Manson's lease agreement, during June 2006, Mr. Manson was required to pay a monthly rent of $468 to the Porchlight, Section 8 Rehabilitation Program, and serve a minimum of 5 hours of mutual housing duties. Compl., Ex. B.

Mr. Manson alleges that he was unable to work and had no income in June 2006 after having been diagnosed with cancer. Compl. at 2. Mr. Manson further alleges that he requested an adjustment of his rent payments, but LIHI refused. *Id.* Mr. Manson bases his claim of discrimination on LIHI's refusal to adjust his rent payment but does not specify how LIHI's refusal is related to his disability. *Id.*

## II. ANALYSIS

LIHI moves to dismiss Mr. Manson's complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the court finds the allegations in Mr. Manson's complaint insufficient to state a claim pursuant to Rule 12(b)(6), the court dismisses his complaint with leave to amend and does not address the issue of service at this time. The court, however, directs Mr. Manson to properly serve LIHI with an amended complaint, if any, in compliance with Federal Rule of Civil Procedure 4(c) or 4(d). *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

ORDER GRANTING MOTION TO DISMISS – 2

The court may dismiss an action under Federal Rule of Civil Procedure 12(b)(6) based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Although the court construes the pleadings of pro se litigants liberally, it may not supply essential elements to the complaint that have not been initially alleged. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  Although the court takes factual allegations in a complaint to be true, those allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

Mr. Manson alleges a violation of the ADA but does not specify the grounds upon which his claim is based.  For example, the ADA is divided into three parts: employment discrimination, discrimination by public entities, and discrimination in public accommodations.  *See* 42 U.S.C. §§ 12111-12117, 12131-12165, 12182-12189.  It is unclear from Mr. Manson's complaint whether he considered himself an employee of LIHI, or whether he bases his claim on discrimination in public accommodations.  Even assuming that LIHI is a public entity, as indicated in the documents provided by LIHI in support of its motion, Mr. Manson's complaint fails to set forth how he was denied a benefit because of his disability.  The only adverse action taken by LIHI, according to Mr. Manson, is its demanding payment of the rent he owed to The Glen Hotel.  Compl. at 2. In light of the scant information provided by Mr. Manson, the court is unable to determine the basis for his claims against LIHI or what relief, if any, he may be entitled

ORDER GRANTING MOTION TO DISMISS – 3

to. The absence of a cognizable legal theory entitling Mr. Manson to relief is fatal to his claims against LIHI. The court therefore dismisses Mr. Manson's complaint with leave to amend consistent with this order.

### III. CONCLUSION

For the reasons stated, the court GRANTS LIHI's motion to dismiss (Dkt. # 7). The court DISMISSES Mr. Manson's complaint without prejudice. The court grants Mr. Manson 30 days to amend his complaint consistent with this order, to serve properly the complaint on LIHI, and to file the amended complaint with this court. If Mr. Manson has not filed and served the amended complaint within 30 days, the court will dismiss his complaint with prejudice. Finally, the court STRIKES as moot Mr. Manson's motion for a subpoena and LIHI's motion to amend the scheduling order (Dkt. ## 8, 22). The court strikes all dates in its pretrial order. The court will reinstate these dates, and the parties may renew their motions, after Mr. Manson has filed and properly served his amended complaint within the time specified in this order.

Dated this 23rd day of October, 2007.

JAMES L. ROBART
United States District Judge

ORDER GRANTING MOTION TO DISMISS – 4